was, by reason of said sale, among other things, afterwards, and on or about the 20th day of February, 1869, duly declared a bankrupt in and by the United States district court for the Southern district of New York, on the petition of one or more of his creditors, and that the said Baldwin Griffin, at the time of such transfer, had reasonable cause to believe that a fraud on said act was intended, or that said Montgomery was insolvent. Also that said Griffin, since said Montgomery was declared bankrupt as aforesaid, has surrendered to the assignee the property conveyed under said transfer, and accounted for the property sold by him and money collected by him, being part of said property and estate conveyed to him by said Montgomery, thereby acknowledging that said transfer was made to him, with knowledge on his part that a fraud was intended on said act, or with like knowledge that said Montgomery was, at the time of said transfer, insolvent, and that, for the causes aforesaid, said Griffin is not permitted to prove or have allowed his said claim.

[In answer to this motion, the solicitor for Mr. Griffin makes the following points: First. "There is no proof that Mr. Griffin had any reasonable cause to believe that, on taking such payment or conveyance, a fraud on the bankrupt law was intended. Nor is there any proof that he had reasonable cause to believe that Montgomery was insolvent." Second. "It appears from the evidence and from the motion now pending, that Griffin has surrendered to the assignee all property, money, benefit and advantage received by him under the preference or transfer before alluded to, and that he is, therefore, entitled to prove his claim in any view of the case, in accordance with the provisions of section 23 of the bankrupt law." Third. "The motion is too late after the claim has actually been proven."] 2

By THEODORE B. GATES, Register:

2 [I think the decision of this question depends upon the construction that shall be given to the latter clause of section 39 of the bankrupt act. Standing by itself, it seems to prohibit the proof of a debt in such a case as the one under consideration. But section 22 provides that if a person shall accept a preference, having reasonable cause, etc., he may nevertheless prove his claim, and receive dividends, if he surrenders to the assignee all property, etc., received by him under such preference. There have been a few decisions of questions involving a construction of these provisions of the bankrupt law, and they have proceeded upon different theories and have arrived at different conclusions upon almost identical facts. I have, therefore, sought to have the intention of the author of the law, and have received from the Honorable Thomas A. Jenckes, M. C., a letter, of which the following is a copy: "Washington, December

8, 1869. Theodore B. Gates, Esq. Dear Sir: —The last clause of the 39th section of the bankrupt act was intended to apply to cases in which the assignee was compelled to resort to legal process to recover the property, by defending which suit the creditor, who claimed to retain the property, would make himself party to the bankrupt's fraud, if any. I do not see that it is inconsistent with the provisions of the 23d section, by which a creditor, holding any of the bankrupt's property, can remove the stain of fraud by surrendering the property, and disclaiming all intent to become a party to the bankrupt's fraudulent proceedings. I think Judge Fox, of Maine, and Judge Field, of New Jersey, have given opinions to this effect upon these clauses. Respectfully yours, T. A. Jenckes." I adopt this construction, and recommend that an order be entered denying the motion of the assignee's solicitor.] 3

BLATCHFORD, District Judge. The construction given by the register to the 23d and 39th sections of the act is the correct one, and the motion of the assignee should be denied.

[NOTE. This case was subsequently heard upon motion of James B. Olney to be allowed to file supplemental proof of debt. Case No. 9,729. Afterwards, upon motion of assignee, the proof of debt filed by Jonathan B. Cowles was stricken out. Id. 9,730. The priorities of creditors were determined in Id. 9,727, and finally Thomas Montgomery was not allowed to file amended proof of debt. Id. 9,731.]

---

## Case No. 9,729.

### In re MONTGOMERY.

[3 Ben. 566;[1] 3 N. B. R. 423 (Quarto, 108).]

District Court, S. D. New York. Dec. 11, 1869.

BANKRUPTCY — PROOF OF CLAIM — MOTION FOR LEAVE TO AMEND—CONTROL OF COURT THEREOVER.

Where a creditor filed a proof of debt on May 28th, 1869, and in the following October was examined by the assignee, and then applied to amend his proof of debt: Held, that his application should be granted.

[See In re Parkes, Case No. 10,754.]

[This case was formerly heard upon application of bankrupt's attorney to be paid counsel fees. Allowed. Case No. 9,726. It was afterwards heard upon motion of assignee to strike out claim of Baldwin Griffin, a preferred creditor, who had surrendered his preference. Motion allowed. Id. 9,728.]

2[By THEODORE B. GATES, Register: James B. Olney, one of the creditors of the above-named bankrupt [Henry B. Montgomery], proved his debt against said bankrupt, individually, on the 28th day of May, 1869, at the sum of two hundred and twenty-five dol-

---

2 [From 3 N. B. R. 374 (Quarto, 97).]

3 [From 3 N. B. R. 374 (Quarto, 97).]

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

2 [From 3 N. B. R. 423 (Quarto, 108).]

lars; and he also proved, at the same time, a debt of the same amount against said bankrupt, as a member of the late firm of Montgomery & Sage. On the application of the assignee in this matter, an order had been granted requiring the said James B. Olney to appear before the undersigned on or about the 6th day of October last past, and submit to an examination in regard to his said claim. Sundry other creditors were also ordered to appear at the same time and be examined as to their several claims. The said James B. Olney was in attendance as solicitor of one or more of such creditors, and the proceedings were, from time to time, adjourned until the day above-named, before the case of said James B. Olney was taken up. Said Olney was then examined by the solicitor for the assignee on his own claim, and moved upon his own evidence, and upon an affidavit, for leave to amend his proof of claim. This was objected to by the solicitor for the assignee upon the grounds: First. It is too late. The original proof of claim having been made on the 28th day of May, 1869, and no application for amendment having heretofore been made. Second. Also upon the ground that an order upon him to testify in regard to this claim having been made prior to the 6th day of October, 1869, and there having been two or more meetings since that time, and no application having been made prior to this time, it is now too late for the register to entertain the motion to amend, and especially after testimony has been given in the case. I respectfully submit the question thus presented for the decision of his honor the district judge.

[I think the amendments should be allowed if amendments of proofs of debts are permissible under the bankrupt law [of 1867 (14 Stat. 517)]. Section 22 regulates the mode of proving debts, and provides that the court may, on application of the assignee, or any creditor, or of the bankrupt, or on its own motion, examine the bankrupt upon oath, or any person tendering, or who has made proof of claims concerning the debt sought to be proved, and shall reject all claims not duly proved, etc. Under this section it has been held that the court has, at all times, full control of all proofs of debts and the right to entertain objections to the validity of the debts or the proofs thereof. In re Patterson [Case No. 10,815]; In re Jones [Id. 7,447]. It is the policy and purpose of the law to do equal and exact justice between the estate of the bankrupt and creditors, and this provision should be construed to confer upon the court ample power to investigate a claim at any stage of the proceedings, and to make any correction equity and justice demand; not only to reduce the amount if it is too large, but also to increase it if, through inadvertence, it is smaller than by right it should be. Questions of amendment address themselves to the equitable consideration of the court, and great discretion is exercised in disposing of them. In Re Brand [Id. 1,809], it was held that a creditor who had

inadvertently prejudiced his rights by making proof in an improper form, should be allowed to withdraw it, and amend or resubmit it in proper form. See section 1, Bankrupt Act. When proof is defective, a party will not only be allowed, but will be required, to amend it. In re Lowere [Case No. 8,577]; In re Myrick [Id. 9,999]. I think, therefore, an order should be entered in this matter, allowing the creditor to file supplemental proof of claim corresponding with the facts set forth in his affidavit.] [3]

BLATCHFORD, District Judge. The decision of the register is correct.

[NOTE. This case was subsequently heard upon motion of assignee to strike out Jonathan B. Cowles' proof of debt. Case No. 9,730. The priorities of creditors were determined in Case No. 9,727. It was again heard upon application of Thomas Montgomery to be allowed to file amended proof of claim. Id. 9,731.]

## Case No. 9,730.

### In re MONTGOMERY.

[3 Ben. 567; [1] 3 N. B. R. 426 (Quarto, 108).]

District Court, S. D. New York. Dec. 11, 1869.

BANKRUPTCY—PROOF OF CLAIM—NOTE—NEW NOTE GIVEN AFTER ADJUDICATION — OLD DEBT EXTINGUISHED.

Where a creditor had proved a claim as endorser upon a note made by the bankrupt, but it appeared that, after the adjudication of bankruptcy, a new note had been given, and the first note taken up: Held, that the proof of debt must be disallowed.

[Cited in Re Parkes, Case No. 10,754; Re Broich, Id. 1,921; Re Merrill, 21 Fed. 121.]

[This case was formerly heard upon application of bankrupt's attorney to be paid counsel fees. Application allowed. Case No. 9,726. It was again heard upon motion of assignee to strike out claim of Baldwin Griffin, a preferred creditor, who had voluntarily surrendered his preference. Motion allowed. Id. 9,728. It was again heard upon motion of James B. Olney, a creditor, to be allowed to file supplemental proof. Id. 9,729.]

By THEODORE B. GATES, Register:

[2] [Jonathan B. Cowles, a supposed creditor of the above-named bankrupt, filed proof of a contingent claim against the said bankrupt on the 24th day of March, 1869. The claim is based upon a note made by [Henry B.] Montgomery on the 24th day of December, 1868, for five hundred dollars, indorsed by said Cowles, and at the time of the proof, held by the Farmers' National Bank of Catskill, where it had been discounted. The assignee in this matter obtained an order for the examination of said Cowles, and his evidence, on such examination, having been taken, the following facts seem to be established

---

[3] [From 3 N. B. R. 423 (Quarto, 108).]
[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [From 3 N. B. R. 426 (Quarto, 108).]